

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2005

# Szemple v. Talbot

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Szemple v. Talbot" (2005). *2005 Decisions*. Paper 875.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/875

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-233                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1385
_____

CRAIG FRANCIS SZEMPLE,

Appellant

v.

PAUL TALBOT;
ROY L. HENDRICKS, Administrator New Jersey State Prison;
DEVON BROWN, Commissioner of New Jersey Department of Corrections;
CORRECTIONAL MEDICAL SERVICES, INC.;
JOHN DOE, Shift Supervisor

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-CV-05338)
District Judge: Honorable Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2005

Before: RENDELL, FISHER and VAN ANTWERPEN, *Circuit Judges*.

(Filed : July 11, 2005)

_____

OPINION

_____

FISHER, *Circuit Judge*.

Craig Francis Szemple appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint before service pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). For the reasons that follow, we will affirm.

In his complaint and amended complaint, Szemple alleged that sometime in 2003, he filed a civil action against Correctional Medical Services, Inc. and others, alleging deliberate indifference to his medical needs. On Friday, January 2, 2004, he reported to the medical clinic at the New Jersey State Prison to have a prescription renewed. When Szemple requested the prescription, defendant Dr. Paul Talbot, who Szemple alleges was aware of his 2003 lawsuit, replied, "Sue, sue, sue. You go back now, we'll see about this." Szemple replied, "We'll see about this." Later that day, prison guards came to Szemple's cell, handcuffed him, and escorted him to solitary confinement detention where he was subjected to a strip search and placed in a cell. Szemple alleges that he was "housed there continuously without any visits, recreation or access to a telephone until a hearing was afforded."

The next day, a prison guard provided Szemple with a copy of a Form 529 (Disciplinary Report), by which an unknown shift supervisor authorized his placement in pre-hearing detention. The form also contained Dr. Talbot's signature, and accused Szemple of threatening him in violation of N.J.A.C. 10A:4-4.1(a).005. The form recounted Szemple's statement, "We'll see about this," but did not include Talbot's

2

preceding statement. The form stated that Talbot felt threatened because of Szemple's posturing and body language.

On Monday, January 5, 2004, Szemple had a hearing before a disciplinary hearing officer, and was exonerated. He was released from solitary confinement and returned to the general prison population.

Szemple's complaint alleged that these actions violated his due process rights, and constituted retaliation for his 2003 lawsuit. As relief, Szemple sought compensatory damages, punitive damages, declaratory relief, and costs and fees. Szemple's amended complaint added further counts alleging that defendants violated his due process rights pursuant to certain New Jersey statutory provisions.

The District Court held that the claims against defendants Devon Brown, Roy Hendricks, and Correctional Medical Services must be dismissed, as Szemple made no claims that those defendants were personally involved. The Court dismissed the claims against all defendants in their official capacities, finding they were immune to liability pursuant to the Eleventh Amendment. The Court also held that Szemple's disciplinary confinement did not rise to the level of an atypical or significant hardship that might create a protected liberty interest and therefore dismissed his due process claims. Finally, the District Court recognized that a retaliation claim can survive even when the retaliatory action does not involve a liberty interest, but determined that Szemple's statement to Talbot, along with his body language, was the motivating factor for the disciplinary

3

charge against Szemple, rather than Szemple's previously filed lawsuit. The District Court concluded that Szemple's complaint failed to state a claim upon which relief could be granted, and dismissed the complaint.

Our review of a court's sua sponte dismissal of a complaint pursuant to 28 U.S.C. § 1915(e) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We accept the factual allegations of the complaint as true and make all reasonable inferences therefrom. Id. For the reasons stated by the District Court, we agree that Szemple's claims against those defendants who were not alleged to be personally involved, as well as his claims for damages against state officials in their official capacities, must be dismissed. We further agree that Szemple's allegations do not show that he was deprived of a liberty interest, and that his due process claims must be dismissed.

Turning to the retaliation claim, as the District Court properly noted, "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotations and citations omitted). Szemple's filing of his 2003 lawsuit was an exercise of his First Amendment right of access to the courts. However, the District Court found that Szemple did not meet the second and third prongs. First, the Court found he had not suffered an adverse action, as he was found not guilty of the

4

charge against him. Second, the Court found that Szemple had not established a causal link. We agree that Szemple's complaint failed to state a claim for retaliation.

As to the adverse action requirement, we have found that confinement in administrative segregation can constitute adverse action. Allah, 229 F.3d at 225-26. However, Szemple's confinement was limited to a few days, and his complaint does not describe any conditions of confinement that would deter a person of ordinary firmness from exercising his constitutional rights.

We further agree that Szemple failed to show a causal link between the lawsuit he had filed a year before and Talbot's initiation of disciplinary charges against him. Rather, Talbot indicated that he felt threatened by Szemple's body language and his statement, "We'll see about that." Because Szemple failed to satisfy the elements of a retaliation claim, the District Court properly dismissed the claim.

For the foregoing reasons, and those stated by the District Court, we will affirm the District Court's judgment.[1]


RENDELL, Circuit Judge, *dissenting*:


I respectfully dissent, because I cannot agree that dismissal of Szemple's *pro se* complaint was proper.

---

[1]The Clerk is hereby directed to file Appellant's pro se Brief and Appendix.

5

Szemple alleged that the prison doctor retaliated against him, causing him to be placed in solitary confinement, because he had sued the prison medical service. The majority rejects the causal connection asserted at this early stage and impermissibly concludes that a different alleged cause was at work. This is not proper on a motion to dismiss.

Viewing all facts in the light most favorable to Szemple, his action should be permitted to proceed. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (stating that when reviewing the District Court's grant of a motion to dismiss, "We must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom") (internal citations omitted).

This is particularly true in light of the liberal standard of review for a *pro se* complaint. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (recognizing that "a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotations omitted).

For the foregoing reasons, I would vacate the dismissal of the retaliation claim.